lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBY J. SPENCER, ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 08-2034-JAR |
| ) | |
| CITIMORTGAGE, INC., and ) | |
| LARISON HOMES, INC., ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Plaintiff Bobby J. Spencer, acting pro se, filed this action against CitiMortgage, Inc.

("CitiMortgage") and Larison Homes, Inc. ("Larison"), asserting various claims arising from

construction of his home following a fire.  This matter is before the Court on CitiMortgage's

Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13) for failure to state a claim upon

which relief can be granted as well as Larison's Motion to Dismiss Plaintiff's Amended

Complaint (Doc. 17) for lack of subject matter jurisdiction.  Plaintiff has responded and has also

filed a "Motion to Rule on Defendants [sic] Self-Confession to Cause of Action" (Doc. 26)[1]

and a "Motion for Leave to File to Admit Supplemental Facts, Testimonials and Character

Evidence" (Doc. 37).  For the reasons explained in detail below, defendant Larison's motion is

granted without prejudice, and plaintiff's motions are denied.

## I.    Background

Plaintiff has filed this action pro se.  "A pro se litigant's pleadings are to be construed

---

[1]The Court is unable to discern what plaintiff is alleging or requesting in this motion.  To the extent that plaintiff is requesting the Court to issue a ruling or finding that an admission has been made by defendants relating to the allegations in this case, his motion is denied.

liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[2]  Thus,

if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the

plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence construction, or

his unfamiliarity with pleading requirements."[3]  At the same time, it is not the role of the court to

"construct arguments or theories for the plaintiff in the absence of any discussion of those

issues,"[4] nor should it "supply additional factual allegations to round out a plaintiff's

complaint."[5]

The following facts are alleged in the Amended Complaint and the Court draws all

reasonable inferences in favor of plaintiff.  Plaintiff seeks in excess of $75,000 plus $5 million in

punitive damages against defendants.  The causes of action alleged by plaintiff, however, are not

easily discernable.  Plaintiff's allegations against defendants[6] are as follows:

> 8.      Plaintiff contracted Larison to construct home plan, Kelm
> for $226,150.00, on April 1, 2004.  Both, the Plaintiff and Larison terminated this
> contract on July 1, 2004, after Larison made a number of false and defamatory
> statements to include violating the privacy of Plaintiff's, Breech [sic] of
> Contractual Responsibilities and subjecting him to Malicious Injuries, to further
> include Malicious Do [sic] Process:
>
> a.      Larison on July 1, 2004 stated to Plaintiff he didn't have
>         sufficient funds to complete the construction and the

---

[2]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

[3]*Id.*

[4]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5]*Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[6]Plaintiff also appears to allege a claim against Jill Olsen of South and Associates, neither of which are named a party in this action.

Plaintiff had entered into false contract with him.  Larison also stated that [CitiMortgage] had provided him with this information.

b.      Larison on July 1, 2004, stated to the Plaintiff that he couldn't afford a lifestyle to own a BMW, Chevy Truck and to own a piece of property as the building-site, working as a Manager for AUTOZONE you must be "*doing something else.*"

c.      Larison on July 1, 2004, stated to Plaintiff that he would "*get his money and insured the Plaintiff that he would not receive another penny from [CitiMortgage] for the completion of his home.*"

d.      On or about June 22, 2004, Larison without authority, Invaded the Privacy of the Plaintiff by contacting [CitiMortgage] and ordered a *stop-payment* to a fund disbursement check for a scheduled construction progress payment of $44,058.47.

e.      Larison, on or about July 19, 2004, delivered to Plaintiff's a Final-Invoice for pervious [sic] construction efforts for feeds [sic] and services render [sic] in the amount of $44,306.22.  This voice [sic] contained in excess of seventeen thousand dollars ($17,000) in accounting errors, Larison with *Malicious Intent* refused to correct or adjusted [sic] this invoice for a period of two and half (2.5) years, causing malicious damages and injuries to Plaintiff.

f.      On or about July 25, 2004, Plaintiff and Defendants participated in a telephone conference arranged by [CitiMortgage], whereby larison told Plaintiff "*he could make him lose his home and place Mechanic Lien against him.*"  Plaintiff recommend [sic] to both Defendants the use of mediation at full cost of the Plaintiff, with no regards to outcome. [CitiMortgage] agreed to the recommendation and Larison declined, knowingly [sic] this would cause more damages and injuries to the Plaintiff.

g.      On August 24, 2004, Defendant Larison fraudulently filed a Mechanic Lien against Plaintiff.

h.      Defendant Larison has changed and alter [sic] his

3

testimony to conceal his Breech [sic] of Contractual
Responsibilities and Breech [sic] of Fiduciary
Responsibilities on numinous [sic] occasions to further his
malicious assault on the Plaintiff without cause.

i.      On or about June 22, 2004, [CitiMortgage] breech [sic]
        Plaintiff customer account information and privacy, by
        providing Larison with account access, resulting in
        damages to plaintiff.

j.      On or about July 1, 2004, [CitiMortgage] Breech [sic] of
        Fiduciary Responsibilities by failing to establish, control
        and to verify the claims of Larison, that result [sic] in
        injuries to the Plaintiff. . . .

l.      Both Defendants contributed to Plaintiff's damages, injury
        and bankruptcy. [CitiMortgage] without Due Process
        aligned with Larison and duress [sic] the Plaintiff into
        completing the construction using his own funds and
        retaining insurance proceeds for that purpose.

m.      Both Defendants contributed to the Malicious Abuse of
        Legal Process by failed [sic] to correct and or intervene by
        judicial reviews that caused the Plaintiff damages, injuries,
        emotional distress, embarrassment, pain and suffering.

Plaintiff specifically asserts diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and

advises that "Kansas Common Law and K.S.A. 58-201 gives statue [sic] to this complain [sic]."

Plaintiff alleges that 1) he resides in Bonner Springs, Kansas; 2) CitiMortgage is a Missouri

corporation authorized to do business in Kansas; and 3) Larison is a Kansas corporation and may

be served with process in Leavenworth, Kansas.

## II.     Judgment Standards

### *Rule 12(b)(1)*

Motions brought pursuant to Fed. R. Civ. P. 12(b)(1) generally take the form of facial

attacks on the complaint or factual attacks on the accuracy of its allegations.[7]  Larison challenges the face of the Amended Complaint, so the Court presumes the accuracy of plaintiff's factual allegations and does not consider evidence outside the Complaint.[8]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[9]  The law imposes a presumption against jurisdiction and plaintiff bears the burden of showing that jurisdiction is proper.[10]

There are two statutory bases for federal subject matter jurisdiction.  28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and the dispute is between citizens of different states.  "This statute and its predecessors have consistently been held to require complete diversity of citizenship.  That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."[11]

Alternatively, 28 U.S.C. § 1331, the federal question statute, confers jurisdiction over cases "arising under" federal law.  For a case to arise under federal law,

> the federal question must be apparent on the face of a well-pleaded complaint, and [the p]laintiff's cause of action must be created by federal law or, if it is a state-law cause of action, its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action.[12]

---

[7]*Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citation omitted).

[8]*Id.*

[9]*Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citation omitted).

[10]*Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[11]*Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

[12]*See Rice v. Office of Servicemembers' Group Life. Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001).

*Rule 12(b)(6)*

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded facts in the complaint and views them in a light most favorable to plaintiff.[13]  Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and formulaic recitation of the elements of a cause of action.[14]  In other words, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."[15]

Finally, "[w]hen a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction."[16]

## III.    Discussion

Plaintiff specifically alleges in his Amended Complaint that both he and Larison are residents of Kansas.  Accordingly, plaintiff has acknowledged that complete diversity among the parties is lacking and he cannot claim that this Court has subject matter jurisdiction based upon diversity jurisdiction.

Plaintiff's Amended Complaint makes no mention of federal question jurisdiction under Section 1331, citing Section 1332 as the sole basis of jurisdiction.  Nevertheless, plaintiff argues

---

[13]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990).

[14]*Bell Atl. Corp v. Twombly*, — U.S. —, —, 127 S. Ct. 1955, 1968 (2007).

[15]*Id.* at 1974.

[16]*Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citation omitted).

in his response that he has asserted federal claims in his Amended Complaint under the Gramm-Leach-Bliley Act ("GLBA") and/or the Fair Credit Reporting Act ("FCRA").  Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint.[17]  Plaintiff is considered to be the "master of the claim" since "he or she may avoid federal jurisdiction by exclusive reliance on state law."[18]

Although the Amended Complaint makes broad allegations of breach of privacy and unauthorized disclosure of financial information, the only reference in plaintiff's Amended Complaint to a law or statute is his citation to "Kansas Common Law and K.S.A. § 58-201." Neither the GLBA nor the FCRA is mentioned in the Amended Complaint.  Thus, as plaintiff has failed to establish federal question jurisdiction discernable from the face of his Amended Complaint, the Court cannot exercise federal jurisdiction over the Amended Complaint as filed.

Because the Court lacks subject matter jurisdiction, CitiMortgage's Rule 12(b)(6) challenge to plaintiff's state court claims is moot.  Larison also objects to the merits of the purported federal claims in its reply.  In light of the fact that plaintiff has raised federal claims in his response and attempted to supplement his pleadings, and that the Court cannot determine the bases for these claims in any meaningful fashion at this time, the Court does not rule out the possibility that plaintiff may be able to amend his Complaint to establish federal question

---

[17]*See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

[18]*Id.*

jurisdiction and state claims in this regard.[19]  Accordingly, the Court will dismiss the case

without prejudice.[20]

**IT IS THEREFORE ORDERED BY THE COURT** that Larison's Motions to Dismiss

for lack of subject matter jurisdiction (Doc. 17) is GRANTED without prejudice to plaintiff

filing a Second Amended Complaint on or before **July 10, 2008**; defendant CitiMortgage's

Motion to Dismiss for failure to state a claim (Doc. 13) is moot and therefore DENIED without

prejudice;

**IT IS FURTHER ORDERED** that plaintiff's Motion to Rule on Defendants [sic] Self-

Confession to Cause of Action (Doc. 26) and Motion for Leave to File to Admit Supplemental

Facts, Testimonials and Character Evidence (Doc. 37) are DENIED.

**IT IS SO ORDERED**.

Dated this 26th day of June 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[19]Because defendants' motions to dismiss are not responsive pleadings within the meaning of Fed. R. Civ.
P. 15(a), plaintiff is free to amend his complaint without requesting or receiving leave of the Court.  *See T & W
Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc.*, No. 01-2293-JAR, 2004 WL 2011452, at *2 (D. Kan.
Sept. 1, 2004) (citing *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994)).

[20]*See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) ("Ideally, if it is at all possible
that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief,
the court should dismiss with leave to amend.") (quotation and citations omitted).