## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BOBBY J. SPENCER,

        *Plaintiff*,

vs.

                                       Case No. 08-2034-EFM

CITIMORTGAGE INC. and
LARISON'S HOMES INC.,

        *Defendants*.

### MEMORANDUM AND ORDER

Presently before the Court is Defendant Larison's Homes, Inc.'s ("Defendant Larison") Motion to Dismiss Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted (Doc. 55), Defendant CitiMortgage, Inc.'s ("Defendant CitiMortgage") Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted (Doc. 57), and Plaintiff Bobby J. Spencer's Motion for Oral Hearing and Motion for Sanctions (Doc. 62), Motion for Supplemental Jurisdiction (Doc. 75), and Motion for Separate Trials (Doc. 79).  For the reasons stated below, Defendant Larison's motion is granted, Defendant CitiMortgage's motion is granted, Plaintiff's Motion for Oral Hearing and Motion for Sanctions is denied, Plaintiff's Motion for Supplemental Jurisdiction is denied, and Plaintiff's Motion for Separate Trials is denied as moot.

## I.  Background

Plaintiff filed this pro-se action on January 17, 2008.  On February 4, 2008, he filed a first amendment to his complaint alleging various claims arising from the reconstruction of his home following a fire.  Defendant CitiMortgage subsequently filed a Motion to Dismiss for failure to state a claim upon which relief could be granted, and shortly thereafter, Defendant Larison filed a Motion to Dismiss for lack of subject matter jurisdiction.  The Court granted Defendant Larison's Motion to Dismiss without prejudice to Plaintiff filing a Second Amended Complaint, and denied Defendant CitiMortgage's motion as moot.  In addressing both defendants' motions, however, the Honorable Julie A. Robinson noted that while Plaintiff asserted a number of allegations against the defendants, the causes of action alleged were not easily discernable.

On July 10, 2008, Plaintiff filed his Second Amended Complaint, in which he asserts both federal question[1] and diversity[2] as the basis for federal court jurisdiction.  In contrast to his first amended petition, Plaintiff specifically pleads violations of the Gramm-Leach Bliley Act ("GLBA")[3], the Right to Financial Privacy Act ("RFPA")[4], and the Fair Credit Reporting Act ("FCRA")[5] in support of federal question jurisdiction.  In addition to his federal claims, Plaintiff makes broad state law claims of breach of contract, fraud, and malicious abuse of due process.  The Court addresses each of Plaintiff's claims in turn below with respect to defendants' motions to dismiss.

---

[1] 28 U.S.C. § 1331.

[2] 28 U.S.C. § 1332.

[3] 15 U.S.C. § 6801 *et seq.*

[4] 12 U.S.C. § 3401 *et seq.*

[5] 15 U.S.C. § 1681 *et seq.*

## II. Standard

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.[6]  "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[7]  The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper.[8]  When federal jurisdiction is challenged, the plaintiff bears the burden of demonstrating why the court should not dismiss the case.[9]

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court assumes as true all well-pleaded facts in the complaint and views those facts in a light most favorable to the plaintiff.[10]  Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds in which the plaintiff is entitled to relief through more than labels, conclusions, or a "formulaic recitation" of the elements of a cause of action.[11]  In other words, the plaintiff must allege facts sufficient to state a claim which is plausible, rather than merely conceivable, on its face.[12]  The plaintiff bears the burden to frame a "complaint with enough factual matter (taken as true) to suggest" that he is entitled to relief.[13]  Although the

---

[6]*Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).

[7]*Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).

[8]*Scheideman*, 895 F. Supp. at 280.

[9]*Jensen v. Johnson County Youth Baseball*, 838 F.Supp. 1437, 1439-40 (D. Kan. 1993).

[10]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[11]*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

[12]*See id.*

[13]*Id.* at 1965.

Court makes all reasonable inferences in favor of the plaintiff,[14] it need not accept as true those allegations which state only legal conclusions.[15]

The court construes a pro se plaintiff's complaint liberally and judges it against a less stringent standard than that used for pleadings drafted by lawyers.[16]  The Tenth Circuit has interpreted this rule as follows:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.[17]

### III.  Analysis

#### a. Subject Matter Jurisdiction

At the outset, the Court is concerned over jurisdiction.  There are two statutory bases for federal court jurisdiction.  First, a federal court may have diversity of citizenship jurisdiction when the civil action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[18]  Complete diversity is a requirement to jurisdiction under 28 U.S.C. § 1332.[19]  Simply put, the citizenship of each

---

[14]*See Zinermon*, 494 U.S. at 118; *see also Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993).

[15]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16]*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[17]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (footnote omitted).

[18]28 U.S.C. § 1332.

[19]*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

-4-

plaintiff must be diverse from the citizenship of each defendant.[20]  Next, a court may have

federal question jurisdiction when the civil action arises "under the Constitution, laws, or treaties

of the United States."[21]   Federal question jurisdiction "must appear on the face of a plaintiff's

well-pleaded complaint," and "must identify the statutory or constitutional provision under

which the claim arises, and allege sufficient facts to show that the case is one arising under

federal law."[22]

## 1. Diversity of Citizenship

Plaintiff's Second Amended Complaint states that jurisdiction is proper under diversity

of citizenship.  Plaintiff explicitly states in his Complaint that he is a resident of Kansas,

Defendant Larison is a resident of Kansas, and Defendant CitiMortgage is a foreign

corporation.[23]  It is clear from the face of the Complaint that there is not complete diversity

between the Plaintiff and Defendants since both Plaintiff and Defendant Larison are each

residents of Kansas.  Therefore, the Court finds that diversity jurisdiction does not exist pursuant

to 28 U.S.C. § 1332.

## 2. Federal Question

Having determined that the Court lacks jurisdiction under diversity of citizenship, we

next look to whether Plaintiff's claims arise under a federal question.  The federal court must

have a statutory basis to maintain jurisdiction of a federal question claim.[24]  In setting forth

---

[20]*Id.*

[21]28 U.S.C. § 1331.

[22]*Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986).

[23]Doc. 44 (Second Amended Complaint, ¶ 4).

[24]*Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).

jurisdiction in his Complaint, Plaintiff alleges that both defendants violated federal law pursuant to the GLBA, the RTPA, and the FCRP.

### A. Gramm-Leach-Bliley Act claim

Plaintiff first claims that both defendants violated the GLBA.  The GLBA provides, in pertinent part, that "[i]t is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."[25]  Through the Enforcement provision of the GLBA, Congress specifically authorized only federal and state regulators to enforce the Act.[26]  Only Congress can create private rights of action to enforce federal law,[27] and it did not do so with respect to the GLBA.[28]  Accordingly, Plaintiff cannot privately bring this action before the Court.  Therefore, Plaintiff has failed to state a claim for which relief can be granted, and his GLBA claim is dismissed.

### B. Right To Financial Privacy Act claim

Plaintiff further alleges that both defendants violated the RFPA.  The RFPA "prohibits a financial institution from disclosing a customer's financial records . . . *to a governmental authority*[29] 'unless either the customer authorizes the disclosure of such information or the

---

[25]15 U.S.C. § 6801(a).

[26]15 U.S.C. § 6805(a) ("This subchapter and the regulations prescribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to the financial institutions and other persons subject to their jurisdiction...."); *see also Briggs v. Emporia State Bank & Trust Co.*, 2005 WL 2035038, at * 3 (D. Kan. Aug. 23, 2005) (unpublished opinion).

[27]*Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

[28]*Id.*, *see also Briggs*, 2005 WL 2035038, at * 3.

[29]"Governmental authority," with respect to the RFPA, means "any agency or department of the United States, or any officer, employee, or agent thereof."  12 U.S.C. § 3401(3).

government obtains a valid subpoena or warrant.'"[30] Other provisions of the Act address the
process a government agency must follow for requesting a customer's financial records, and the
financial institutions responsibilities in responding to such a request.  The RFPA, by its very
language, applies to a *government authority's* access to an individual's financial records, and not
to one person's access to another individual's records.[31]  In fact, Congress enacted the RFPA "in
response to a pattern of government abuse in the area of individual privacy and was intended to
protect the customers of financial institutions from unwarranted intrusion into their records while
at the same time permitting legitimate law enforcement activity by requiring federal agencies to
follow" established procedures when seeking a customer's financial records.[32]  Further, while it
is true, as Plaintiff argues, that the RFPA permits an individual to bring suit to enforce the Act
"in any appropriate United States district court without regard to the amount in controversy,"[33]
the action must arise as a result of a governmental authority's violation of the Act.[34]

Plaintiff does not claim, and this Court cannot find, that either defendant is a
governmental authority, and accordingly, Plaintiff has failed to state a claim upon with relief can
be granted.  Therefore, Plaintiff's RFPA claim is dismissed.

### C. Fair Credit Reporting Act claim

Lastly, in his Complaint, Plaintiff alleges violations of the FCRA, specifically citing to

---

[30]*Neece v. IRS*, 96 F.3d 460, 462 (10th Cir. 1996) (quoting *United States v. Frazin*, 780 F.2d 1461, 1465 (9th Cir. 1986)) (emphasis added).

[31]*See* 12 U.S.C. § 3402.

[32]*Anderson v. La Junta State Bank*, 115 F.3d 756, 758 (10th Cir. 1997) (quoting *Neece v. IRS*, 922 F.2d 573, 575 (10th Cir. 1990)) (internal quotations omitted).

[33]12 U.S.C. § 3416.

[34]*See Anderson*, 115 F.3d at 758.

Sections 618-620.  Section 618 (15 U.S.C. § 1681p) provides jurisdiction to the Court, and sets forth the time limitation for actions to be brought under the Act.  A plaintiff must bring an action not later than the earlier of (1) two years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) five years after the date on which the violation that is the basis for such violation occurs.[35]

Defendant CitiMortgage argues that Plaintiff became aware of any alleged improper conduct under the Act on July 1, 2004, and because he failed to file his claim within the two year period following that date, his claim is now barred.  Defendant Larison also asserts that Plaintiff's claim is time-barred for the aforementioned reason.  Plaintiff argues that while he may have became aware of Defendant Larison obtaining information from Defendant CitiMortgage between July 1 and July 22, 2004,[36] he did not understand this information until he reviewed all documents corresponding to the matter after receiving Defendant Larisons Objection Memorandum on February 7, 2006.  As a result, it is Plaintiff's belief that the time limitation should not commence until sometime on or after February 7, 2006 when he understood the implications of the information he learned on July 1, 2004.

The Court finds Plaintiff's arguments unpersuasive.  Plaintiff, by his own admission, learned of the alleged financial privacy violation on or about July 1, 2004, when Defendant Larison informed Plaintiff of the information he obtained from Defendant CitiMortgage. Although Plaintiff may not have understood the full ramifications of what he had discovered, he had obtained sufficient information to permit him to investigate for a potential claim.  The statute

---

[35] 15 U.S.C. § 1681p.

[36] *See* Doc. 8, ¶ 8 (First Amended Complaint); Doc. 64, ¶ 8 (Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss).

is clear that the time limitation begins to run from the time of *discovery*, not the time that a party *understands the implications* of the information discovered.[37]  The Court cannot sanction, nor does the statute permit, such a subjective approach for determining the start of a time limitations period.  Therefore, because Plaintiff discovered the alleged FCRA violation on or about July 1, 2004, and because he did not file his claim on or about July 1, 2006, his FCRA claim is barred by the Act's two-year statute of limitations.

Even if Plaintiff's FCRA claim was not barred by the statute of limitations, the Court must still dismiss for failure to state a claim for which relief can be granted.  The Court is unable to determine viable claims against either defendant even construing Plaintiff's claims under the most liberal standard possible.  First, Plaintiff cites to Section 619 (15 U.S.C. § 1681q) as a basis for his claim.  15 U.S.C. § 1681q addresses the penalty for a person obtaining information under false pretenses.  The provision provides that "[a]ny person who knowingly and willfully *obtains information* on a consumer *from a consumer reporting agency* under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both."[38]  The FCRA defines a "consumer reporting agency" as "any person[39] which, for monetary fees, dues, or on a cooperative nonprofit basis, *regularly engages* in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers *for the purpose of furnishing consumer reports to third parties*, and which uses any means or facility of interstate

---

[37]*See* 15 U.S.C. § 1681p.

[38]15 U.S.C. § 1681q (emphasis added).

[39]A "person" means "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."  15 U.S.C. § 1681a(b).

commerce for the purpose of preparing or furnishing consumer reports."[40]

With respect to Defendant Larison, we surmise that what Plaintiff is claiming through his general reference to 15 U.S.C. § 1681q is that Defendant Larison obtained information from Defendant CitiMortgage under false pretenses in violation of the FCRA.  Plaintiff, however, has presented no factual allegations to permit the Court to determine with any degree of certainty that the claim the Court is surmising is, in fact, the claim Plaintiff is asserting.  Plaintiff has made no assertions that Defendant Larison obtained any financial information under false pretenses, and further, has failed to make any allegation that Defendant CitiMortgage is a "consumer reporting agency" so as to implicate the Act.  Moreover, any allegation in Plaintiff's Second Amended Complaint in which the Court could relate to a FCRA violation is specifically tied to another of Plaintiff's claims, such as a GLBA or breach of contract claim, and not to the FCRA.

The Court makes similar findings with respect to Defendant CitiMortgage.  In addition to citing 15 U.S.C. § 1681q, Plaintiff also cites to 15 U.S.C. § 1681r as a basis for his claim.  This section provides that "[a]ny officer or employee *of a consumer reporting agency* who knowingly and willfully provides information concerning an individual from the agency's files to a person not authoirzed to receive that information shall be fined under Title 18, imprisoned for not more than 2 years, or both."[41]  The Court once again can only speculate that Plaintiff is claiming that when an officer or employee of Defendant CitiMortgage allegedly provided Defendant Larison with information on his escrow account, it violated the FCRA.  Plaintiff, however, has failed to

---

[40]15 U.S.C. § 1681a(f) (emphasis added).

[41]15 U.S.C. § 1681r (emphasis added).

claim that Defendant CitiMortgage is a "consumer reporting agency," nor does Plaintiff allege that Defendant CitiMortgage fraudulently obtained information on him from a consumer reporting agency.  Absent some claim by Plaintiff that Defendant CitiMortgage regularly furnishes consumer reports to third persons, the Court is unwilling to advocate for Plaintiff by bridging the gap between Defendant CitiMortgage operating as a mortgage company to that of a consumer reporting agency.  Because Plaintiff has failed to allege sufficient facts to show a claim arising under the FCRA for which he could prevail regarding either defendant, Plaintiff's FCRA claim is dismissed for failure to state a claim upon which relief can be granted.

Having dismissed all of Plaintiff's federal claims, the Court finds that it no longer has subject matter jurisdiction over this action.  The Court further finds that none of Plaintiff's state law claims "arise" under federal law so as to permit the Court to retain jurisdiction.[42]  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims,[43] and accordingly, Plaintiff's Motion for Supplemental Jurisdiction is denied.

### b. Sanctions

Plaintiff requests that the Court sanction both defendants for frivolous and unethical conduct pursuant to Rule 11.  Rule 11 requires that any motion for sanctions "describes the specific conduct that allegedly violates Rule 11(b)."[44]  In addition, a party requesting sanctions must first provide the violating party 21 days notice before filing the motion to permit time to

---

[42]*See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (holding that "federal jurisdiction will lie only if resolution of [the] claim requires resolution of a substantial question of federal law.").

[43]*See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998); *Taylor v. Meacham*, 82 F.3d 1556, 1564 n.11 (10th Cir. 1996) (Tenth Circuit has repeatedly ruled that federal courts may decline to exercise supplemental jurisdiction over remaining state law claims if court dismisses federal claims).

[44]Fed. R. Civ. P. 11(c)(2).

cure the violation.[45]  Whether or not to impose sanctions under Rule 11 rests within the sound discretion of the district court.[46]

First, Plaintiff failed to present defendants with notice of the alleged violations so as to permit them to cure the defects prior to filing the instant motion.  Plaintiff also has described no facts in his motion relating to any frivolous or unethical conduct of either defendant.  Plaintiff specifically requests the Court waive the requirement to disclose specific conduct so that he may "preserve the [i]ntegrity of the [f]acts."[47]  The Court declines to grant such a request, as failing to provide defendants with notice of the specific conduct alleged to have violated Rule 11 prejudices their ability to appropriately respond.  Nevertheless, after reviewing the record and considering the arguments raised by defendants in their motions, the Court does not find that sanctions are warranted in this case.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Larison's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 55) is hereby granted.

**IT IS FURTHER ORDERED** that Defendant CitiMortgage's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 57) is hereby granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Hearing and Motion for Sanctions (Doc. 62) is hereby denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Supplemental Jurisdiction

---

[45]Fed. R. Civ. P. 11(c)(1)-(2).

[46]*See Nat'l Hockey League v. Metro. Hockey Club. Inc.*, 427 U.S. 639, 642 (1976).

[47]Doc. 63 (Plaintiff's Memorandum in Support of Motion for Sanctions).

(Doc. 75) is hereby denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Separate Trials (Doc. 79) is

hereby denied as moot.

**IT IS SO ORDERED.**

Dated this 26th day of February, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE